**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JASON HERSHEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00621-JPG** |
| | ) | |
| **JESSICA FRIDER,** | ) | |
| **GREG ROBINSON,** | ) | |
| **JUSTIN ROSE, and** | ) | |
| **HARDIN COUNTY SHERIFF's** | ) | |
| **DEPARTMENT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff Jason Hershey filed this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred while he was detained at Hardin County Jail from September 5-9, 2024. In the Complaint, Plaintiff asserted claims for the alleged denial of unspecified "life critical medications" for his undisclosed medical conditions (Doc. 1). At screening, the Complaint was dismissed for failure to state a claim (Doc. 9).

Plaintiff was granted leave to file a First Amended Complaint in this case no later than October 7, 2026, and a ruling on the IFP Motion was deferred until the deadline expired. *Id*. The Court warned Plaintiff that failure to file a First Amended Complaint would result in dismissal of this action and denial of IFP. *See* FED. R. CIV. P. 41. Plaintiff missed the deadline for filing the First Amended Complaint. More than two weeks have passed since the deadline expired, and the Court has received no communication from him.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed without prejudice for failure to comply with the Court's Order (Doc. 9) and/or to prosecute his claims, and Plaintiff's IFP Motion shall be denied. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice based on Plaintiff's failure to comply with the Court's Order (Doc. 9) to file a First Amended Complaint; he has failed to prosecute his claims herein. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Plaintiff's IFP Motion (Doc. 7) is **DENIED**. Despite the dismissal, Plaintiff remains obligated to pay the full filing fee of $405.00 for this action.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 10/21/2026**

**J. PHIL GILBERT**
**United States District Judge**